1
2
3
4                           UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
5                                     AT SEATTLE
6
7    KAREN A. BROWN,
8                          Plaintiff,            No. C05-1718MJP
9    v.                                          ORDER GRANTING PLAINTIFF'S
                                                 MOTION FOR REMAND
10   UNITED PARCEL SERVICE, INC.,
11                         Defendant.
12
13
14          This matter comes before the Court on Plaintiff's Motion for Remand to King County
15   Superior Court. (Dkt. No. 6).  Defendant United Parcel Service ("UPS") removed this action to
16   federal court on October 11, 2005. (Dkt. No. 1), claiming that Plaintiff had fraudulently joined a non-
17   diverse co-defendant in the state court action, only to dismiss him in a voluntary non-suit over a year
18   later.  Defendant claims that this dismissal should make the case removable to federal court.  Plaintiff
19   claims that there was no fraudulent joinder and that the non-diverse defendant was dismissed from the
20   state court action because of legitimate concerns about the orderly prosecution of that case.  Having
21   considered Plaintiff's Motion, Defendant's Response, and all other pertinent papers and documents
22   concerning this motion, the Court finds that Defendant has not met the heavy burden required to
23   establish fraudulent joinder.  For this reason, the Court GRANTS Plaintiff's motion and REMANDS
24   this case to state court.
25
26

ORDER - 1

BACKGROUND

In July 2004, Karen Brown filed suit in King County Superior Court against her former employer UPS and her former supervisor Michael Yokoyama, alleging sexual harassment claims under the Washington Law Against Discrimination ("WLAD").   While both Ms. Brown and Mr. Yokoyama are Washington residents, Defendant UPS is a Georgia corporation.

On October 18, 2004, Ms. Brown received a right-to-sue letter from the EEOC regarding her federal discrimination claims. (Def's Resp. at 3).  On October 26, 2004, Ms. Brown amended her Complaint to include state claims of disability discrimination. (Id.)  December 20, 2004 was Ms. Brown's deadline for filing the Confirmation of Joinder of Parties, Claims, and Defenses in state Court.  She did not join her federal claims to her state case at that time.  (Id.).

Tuesday, January 18, 2005, was the last day on which Ms. Brown could file a case based on her federal discrimination claims.  (Id. at 4).  A few days earlier, on January 13, 2005, she sought a stipulation from UPS allowing her Title VII claims to be joined to the action in state court.  UPS refused this stipulation and on January 18, 2005, Ms. Brown filed a suit based on her federal claims in the King County Superior Court.  On February 9, 2005, UPS removed those claims to this Court. (Dkt. No. 14 at 3).  These claims are now pending before Judge Lasnik as civil case number 05-00237RSL.

On September 9, 2005, Ms. Brown moved for voluntary non-suit against Mr. Yokoyama.  On September 13, 2005, the Superior Court granted Ms. Brown's motion for dismissal of Mr. Yokoyama from the state court case. (Dkt. No. 1 at 2-3)  UPS filed its Notice of Removal of the state court action to this Court on October 11, 2005. (Id.).  Defendant UPS is now alleging that Mr. Yokoyama was fraudulently joined to the prior state court action and for this reason asks the Court for equitable waiver of the one year deadline for removal of a case found in 28 U.S.C. §1446(b).  Defendant claims that its allegation is supported by the time line on which Ms. Brown handled this case and the fact that Ms. Brown engaged in almost no discovery against Mr. Yokoyama.  Ms. Brown asks for remand to state court and supports her argument by observing that UPS has not provided evidence that she

was unable to make out a cause of action against Mr. Yokoyama. Ms. Brown also argues that the fact that she sought and received dismissal without prejudice is favorable to remand and that the reason she sought non-suit against Mr. Yokoyama was related to the orderly prosecution of her case, rather than fraudulent intent.

ANALYSIS

Removal of cases to federal court is governed by 28 U.S.C. §1446(b). In pertinent part, this statute provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant. . .of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of this action. 28 U.S.C. §1446(b).

In the case at hand, the parties agree that Defendant's removal occurs after the one-year anniversary of the commencement of this action. Plaintiff brings her motion for remand on this basis. However, Defendant claims that Defendant Yokoyama was fraudulently joined to this action and Plaintiff never had any intent to prosecute her claims against him. Because of Plaintiff's alleged fraudulent joinder, Defendant states that this action was not removable to federal court until Plaintiff filed a voluntary non-suit against Mr. Yokoyama in September of this year. Because this type of chicanery should not be encouraged, says Defendant, the Court should recognize an equitable exception to section 1446(b).

In the Ninth Circuit, joinder of a non-diverse defendant is viewed as fraudulent if the Plaintiff fails to state a cause of action against the non-diverse defendant and this omission is obvious under relevant state law. Morris v. Princess Cruises, Inc., 236 F. 3d 1061, 1067 (9th Cir. 2001). If plaintiff's claims against the non-diverse defendant are substantial enough to withstand the 12(b)(6) inquiry, however, the joinder is not deemed fraudulent. Sessions v. Chrysler Corp., 517 F. 2d. 759, 761 (9th Cir. 1975). Nonetheless, defendants claiming fraudulent joinder should be given a chance to present evidence showing that the joinder was fraudulent. Morris, 236 F. 3d. at 761.

1   In the case at hand, Plaintiff's complaint alleges that Mr. Yokoyama, "personally witnessed,

2   promoted, and participated in the sexual and retaliatory action against Brown." (Redaction to Am.

3   Walton Decl., Ex. A. at 13, ¶3.25).  Paragraphs 3.26 to 3.29 of the Complaint further elaborate on

4   Mr. Yokoyama's alleged discriminatory actions toward Ms. Brown.(Id.). Although Mr. Yokoyama

5   appears to be only one of several supervisors that Ms. Brown reported to, yet is the only individual

6   defendant named in this action, there is nothing on the face of the Complaint that would lead the

7   reader to believe that Ms. Brown's allegations against Mr. Yokoyama are frivolous.  Under

8   Washington's Law Against Discrimination, supervisors who act on behalf of companies that employ

9   more than eight people can be held individually liable for their acts.  Brown v. Scott Paper Worldwide

10  Co., 143 Wn. 2d 349, 358, 20 P. 3d 921 (2001).

11      Before reaching a conclusion, however, on the validity of Plaintiff's claims against Mr.

12  Yokoyama, the Court must also examine the evidence put forth by Defendant as to the allegedly

13  fraudulent nature of the joinder of Mr. Yokoyama.  Defendant notes that, although Ms. Brown

14  deposed four current UPS managers and took three other 30(b)(6) depositions, her counsel never

15  sought to depose Mr. Yokoyama.  (Def's Opp. at 5).  Defendant also observes that Ms. Brown

16  propounded at least seven sets of interrogatories, but only directed one set to Mr. Yokoyama.

17  Finally, Defendant cites to the way in which Plaintiff handled the deadlines in this case pertaining to

18  the joinder of the federal causes of action to the state action.  Defendant points out that Plaintiff

19  waited until the last possible day (90 days after issuance of the EEOC right-to-sue letter) to file her

20  federal claims.  Defendant also finds it suspicious that Plaintiff waited until two months after the one

21  year anniversary of filing the state case to dismiss the claims against Mr. Yokoyama.

22      Taken all together, these circumstances do raise a question about what Plaintiff's motives

23  were in joining Mr. Yokoyama to her state Court action.  However, "[t]he burden of proving a

24  fraudulent joinder is a heavy one."  Green v. Amerada Hess Corp., 707 F. 2d 201, 205 (5th Cir. 1982).

25  Defendant must either show that Plaintiff can show no possible cause of action against the Mr.

26  Yokoyama, or that there is "outright fraud" in the pleadings.  Id.  Defendant's submission does not

1   meet this burden, especially in light of the fact that Plaintiff asserts a plausible explanation for her

2   behavior.  Plaintiff states that her relationship with Mr. Yokoyama became disproportionately

3   contentious and distracting to allow him to remain in this litigation.  (Pl's Reply at 3-4).  She states

4   that it was a difficult decision to dismiss him, but that she sought a dismissal without prejudice to

5   preserve her claims against him for the future.  (Id.)

6          In light of these explanations, the lack of substantial evidence of fraud submitted by

7   Defendant UPS, and the facial validity of Plaintiff's claims against Mr. Yokoyama, this Court does

8   not find that Plaintiff's joinder of Mr. Yokoyama to this action was fraudulent under the governing

9   law.  Because Defendant has not proven fraudulent joinder, the Court need not reach the issue of

10  whether or not an equitable exception to 28 U.S.C. §1446(b) deadlines exists in this Circuit.

11  Accordingly, the Court REMANDS Plaintiff's state claims to state court.

12                                    CONCLUSION

13         Defendant UPS has not met the heavy burden required to establish fraudulent joinder in this

14  Circuit.  For this reason, the Court need not reach the issue of whether or not this Circuit recognizes

15  an equitable exception to the deadlines for removal 28 U.S.C. §1446(b).  The Court GRANTS

16  Plaintiff's motion and  REMANDS Plaintiff's state claims against UPS to state Court.

17  The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

18         Dated: November 10, 2005.

19

20

21

22

23                                    Marsha J. Pechman
                                      United States District Judge

24

25

26

ORDER - 5